IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES DUFFY, | § | |
| | § | |
| Defendant Below– | § | No. 194, 2019 |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. No. 1709009959 (S) |
| | § | |
| Plaintiff Below– | § | |
| Appellee. | § | |
| | § | |

Submitted: June 4, 2019
Decided: July 31, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Charles Duffy, appeals the Superior Court's denial of his motion for correction of sentence.  The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Duffy's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that Duffy pleaded guilty to one count of violation of privacy on January 12, 2018.  As part of the plea agreement, Duffy agreed that he was a habitual offender based in part on prior rape convictions and the State agreed

to cap its sentencing recommendation to seven years of Level V incarceration. The Superior Court granted the State's motion to declare Duffy a habitual offender under 11 *Del. C.* § 4214(a) and ordered a presentence investigation. On April 13, 2018, the Superior Court sentenced Duffy to six years of Level V incarceration with credit for time served. Duffy filed a notice of appeal with this Court but withdrew his appeal before a briefing schedule was issued. Duffy then filed a motion for modification of sentence, which the Superior Court denied. On July 12, 2018, Duffy filed a motion for postconviction relief. The Superior Court denied the motion[1] and we affirmed on appeal.[2]

(3) On March 8, 2019, Duffy filed a motion for correction of sentence. The Superior Court denied the motion and this appeal followed.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[1] *State v. Duffy*, 2018 WL 4002244 (Del. Super. Ct. Aug. 15, 2018).

[2] *Duffy v. State*, 2019 WL 459982 (Del. Feb. 5, 2019).

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[4] *Id.*

internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5) On appeal, Duffy argues that (i) because violation of privacy is not a violent felony, he was improperly sentenced under the habitual offender statute; and (ii) his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Duffy also complains that the Superior Court did not address his motion on its merits. We find no merit to Duffy's claims and affirm the Superior Court's decision to deny his motion for correction of an illegal sentence.

(6) Duffy pleaded guilty to violation of privacy under 11 *Del. C.* § 1335(a)(7), a Class G felony. Normally, a conviction for a Class G felony carries a maximum sentence of two years of Level V incarceration.[6] However, the Superior Court sentenced Duffy as a habitual offender under § 4214(a). Section 4214(a) provides, in relevant part:

> Any person . . . who has been 3 times convicted of any felony under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony is declared to be an habitual offender. The court, upon the State's petition, shall impose the *applicable minimum sentence pursuant to subsection (b), (c), or (d) of this section and may, in its discretion, impose a sentence of up to life imprisonment* . . . . Under no circumstances may the sentence imposed pursuant to this

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] 11 *Del. C.* § 4205(b)(7).

section be less than the minimum sentence provided for by the felony prompting the person's designation as a habitual offender.[7]

Duffy argues that § 4214 *requires* a sentence to be imposed under subsection (b), (c), or (d), and, because those subsections do not apply to him, he was improperly sentenced as a habitual offender. But—and as emphasized above—subsections (b), (c), and (d) establish the *minimum sentence* that must be imposed when the felony prompting the defendant's habitual offender status is a violent one. Because Duffy's conviction is for a nonviolent felony, his sentence is governed by subsection (a). Under § 4214(a), the Superior Court was authorized by statute to impose anywhere from the minimum sentence for violation of privacy—no Level V time—up to life imprisonment. Accordingly, the Superior Court's six-year sentence fell within the range of sentences permitted under § 4214(a) and was not illegal.

(7)     Duffy next argues his sentence constitutes cruel and unusual punishment as prohibited by the Eighth Amendment to the United States Constitution. Because this argument was not raised below, we will not ordinarily entertain it.[8] In any event, Duffy's argument is unavailing. A sentence is unconstitutional if it is "grossly disproportionate" to the conduct being punished.[9]

---

[7] 11 *Del. C.* § 4214(a) (emphasis added).

[8] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[9] *Crosby v. State*, 824 A.2d 894, 908 (Del. 2003).

In the habitual offender context, the defendant's criminal history is taken into account.[10] Habitual offender statutes allow courts to punish more severely those who have demonstrated, by repeated criminal acts, that they are incapable of conforming to the norms of society as established by its criminal law.[11] Here, Duffy's criminal history included convictions for burglary, aggravated robbery, forcible rape, attempted rape, and first degree rape. At the time Duffy committed the offense that triggered the State's motion to declare him a habitual offender, he was on parole for a rape conviction. Under the circumstances, Duffy's six-year was not grossly disproportionate to the criminal conduct being punished.[12]

(8) As a final matter, Duffy complains that the Superior Court denied his motion for correction of illegal sentence without specifically addressing the merits of his motion. In denying Duffy's motion, the Superior Court noted that Duffy pleaded guilty to violation of privacy and, during the plea colloquy, admitted that he was a habitual offender. While the Superior Court could have elaborated on the

---

[10] *Id.* (identifying three helpful factors for the Court to consider when comparing sentences imposed in habitual offender cases: (i) the length of the prison term in real time; (ii) the sentence-triggering criminal conduct; and (iii) the defendant's criminal history).

[11] *McCleaf v. State*, 2004 WL 344423, at *1 (Del. Feb. 5, 2004).

[12] *See id.* (concluding the defendant's ten-year sentence imposed under § 4214(a) for a nonviolent felony did not violate the Eighth Amendment ban on cruel and unusual punishment).

5

reasons why Duffy's sentence was legal, the order adequately sets forth the trial court's reasons for denying the motion and allows for appellate review.[13]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[13] *See Crawford v. State*, 2003 WL 1572124, at *1 (Del. Mar. 25, 2003).